**MITTLER v. McGRATH.**

**Civ. A. No. 3276–48.**

United States District Court
District of Columbia.

March 31, 1950.

Pope, Ballard & Loos By: Alexander Heron, Washington, D. C., for plaintiff.

James D. Hill, Malcolm S. Mason, James H. Falloon, Jr., Department of Justice, all of Washington, D. C., for defendant.

SCHWEINHAUT, District, Judge.

Plaintiff was born in 1883 in The Netherlands, she married a German national in 1909, thus acquiring German citizenship and losing her Netherlands citizenship. Upon her marriage she moved to Germany and has resided there ever since. She still is a German citizen and has not reacquired Dutch citizenship. Her brother was a citizen of the United States and a resident of California. Upon his death she inherited a one-sixth interest in his estate. On June 26, 1946 the Alien Property Cutodian vested in the government all her right, title and interest in that estate.

She brings this suit under Paragraphs 9(b)(2) and (c) of the Trading with the Enemy Act of 1917, 50 U.S.C.A.Appendix, § 1 et seq.[1] The government contends, inter alia, that Section 39 of the Act, which was added by the War Claims Act of 1948, July 3, 1948, c. 826, § 12, destroys any right she may theretofore have had to seek a judicial return of her property.

The pertinent part of Section 39 provides that: "No property or interest therein of Germany, Japan, or any national of either such country vested in or transferred to any officer or agency of the Government at any time after December 17, 1941, pursuant to the provisions of this Act, shall be returned to former owners thereof or their successors in interest, and the United States shall not pay compensation for any such property or interest therein. * * *"

This case is controlled by the decisions in Schill v. McGrath, D.C.S.D.N.Y.1950, 89 F.Supp. 339, and Guessefeldt v. McGrath, D.C.1950, 89 F.Supp. 344, which hold Section 39 to be a bar to recovery in cases somewhat more appealing, on the facts, than this one. I agree with the reasoning and the conclusions in those two cases. The legislative history of the 1948 amendment, Section 39, to the Trading with the Enemy Act, as reviewed by Judge Kaufman in the

Schill case and by Judge Tamm in the Guessefeldt case, demonstrates that there was Congressional awareness of potential hardships in individual cases. But the language of the section is without ambiguity and this plaintiff is clearly within its scope. Her petition for judicial relief must be denied and, since the facts are conceded, the government is entitled to summary judgment.

---

1. In substance, these sections authorize suits, under certain circumstances, for the return of property seized in the case of a woman who, at the time of her marriage, was a subject or citizen of a neutral nation or of a nation which was associated with the United States in the First World War and who, prior to April 6, 1917, had married a citizen of Germany or Austria-Hungary and which property was not acquired from a citizen or subject of either of those powers subsequent to January 1, 1917.